Case 1:21-cv-03018-LRS    ECF No. 19    filed 07/13/22    PageID.566    Page 1 of 20

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 13, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON S. S.,[1]<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No: 1:21-cv-03018-LRS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney L. Jamala Edwards. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 16, is granted and Defendant's Motion, ECF No. 17, is denied.

---

[1] Plaintiff's last initial is used to protect his privacy.

ORDER - 1

# JURISDICTION

Plaintiff Jason S. S. (Plaintiff), filed for disability insurance benefits (DIB) on May 18, 2018, alleging an onset date of February 28, 2017. Tr. 189-90. Benefits were denied initially, Tr. 89-99, and upon reconsideration, Tr. 101-07. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on July 2, 2020. Tr. 29-62. On July 10, 2020, the ALJ issued an unfavorable decision, Tr. 12-28, and on December 16, 2020, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

# BACKGROUND

The facts of the case are set forth in the administrative hearings and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 41 years old at the time of the hearing. Tr. 42. He has work experience as a caregiver and a caregiver coordinator. Tr. 48.

Plaintiff testified that he hurt his back 15 years prior and has used a cane when it flares up ever since. Tr. 44. He went to the emergency room when his arm went numb and was partially paralyzed. Tr. 45. This may be caused by a problem with his cervical spine, but his insurance has not authorized an MRI. Tr. 47. He missed a lot of work and eventually left his last job due to neck pain and severe headaches. Tr. 49. He is almost bedridden when they occur. Tr. 49. He had headaches as a child, but they have progressed over his life. Tr. 49.

ORDER - 2

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally

ORDER - 3

bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from

ORDER - 4

"any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

ORDER - 5

not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since February 28, 2017, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: cervical

ORDER - 6

degenerative disc disease; low back pain; migraine headaches; obesity; anxiety disorder; and depressive disorder. Tr. 17. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> he is capable of engaging in unskilled, repetitive, routine tasks in two hour increments; can never crawl, kneel, balance, or climb ramps, stairs, ropes, ladders, or scaffolds; can never work at heights, in proximity to hazardous conditions, or drive; and can occasionally reach in all directions, stoop, and crouch.

Tr. 19.

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 22. At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as theater usher, children's attendant, or furniture rental clerk. Tr. 23-24. Thus, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 28, 2017, through the date of the decision. Tr. 24.

ORDER - 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II of the Social Security Act. ECF No. 16. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony;
2. Whether the ALJ properly considered the medical opinion evidence;
3. Whether the ALJ properly considered the Listings at step three;
4. Whether the ALJ made a legally sufficient step five finding; and
5. Whether the ALJ properly considered the lay witness evidence.

ECF No. 16 at 2.

## DISCUSSION

**A.  Symptom Testimony**

Plaintiff contends the ALJ improperly rejected his symptom testimony. ECF No. 16 at 4-9. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show

ORDER - 8

that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

ORDER - 9

1    Plaintiff identifies three reasons given by the ALJ for finding his symptom
2 testimony less than fully persuasive. ECF No. 16 at 4-6. First, the ALJ did not
3 credit Plaintiff's mental health allegations because the objective evidence was
4 inadequately severe. Tr. 20. Second, the ALJ found the objective evidence
5 concerning Plaintiff's spine and upper extremity problems not sufficiently severe.
6 Tr. 21. Third, the ALJ found Plaintiff's headaches were managed by medication.
7 Tr. 20-21. Plaintiff argues the ALJ's findings are insufficient, are not well-
8 supported, are not representative of the record overall, and are incorrect. ECF No.
9 16 at 4-8. Defendant asserts the ALJ made a "thorough discussion of the medical
10 and testimonial evidence" and that the reasons provided by the ALJ constitute clear
11 and convincing reasons supported by substantial evidence. ECF No. 17 at 5-8.

12    The ALJ "must specifically identify the testimony she or he finds not to be
13 credible and must explain what evidence undermines the testimony." *Holohan v.*
14 *Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Although the ALJ summarized
15 some of the administrative record, providing a summary of medical evidence in
16 support of a residual functional capacity finding is not the same as providing clear
17 and convincing *reasons* for finding the claimant's symptom testimony not credible.
18 *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Here, the ALJ
19 summarized some evidence, but provided no reasoning or analysis for the court to
20 evaluate. Tr. 21-22. The ALJ twice cited medical record supporting Plaintiff's
21 claims, then stated, "however" and cited records seemingly undermining them. Tr.

ORDER - 10

21-22.  This is the extent of the ALJ's reasoning and analysis regarding Plaintiff's symptoms claims.  Such scant explanation is insufficient to show clear and convincing reasons supported by substantial evidence.

While Plaintiff and Defendant both indicate the ALJ cited the effectiveness of treatment as undermining Plaintiff's symptoms claims, the court declines to infer such a finding.  ECF No. 16 at 6; ECF No. 17 at 7-8.  The ALJ cited records mentioning Plaintiff's medication but provided no analysis, explanation, or conclusion about the content of those records.  Tr. 20-21.  To the extent it could be construed as a reason cited by the ALJ, the court concludes it is not specific, clear, or convincing.

Furthermore, to the extent the ALJ cited lack of support in the medical record as reasons for finding Plaintiff's testimony about his headaches, back issues, and mental health problems to be unpersuasive, this finding is insufficient.  An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  Because a lack of supporting objective evidence cannot be the only reason for rejecting a claimant's symptom claims, this reason is inadequate.  No other reasons for discrediting Plaintiff's symptom testimony are cited by the ALJ.  Thus,

ORDER - 11

the ALJ failed to provide specific, clear, and convincing reasons for discrediting Plaintiff's symptom claims.

**B.     Listing 11.00**

Plaintiff contends the ALJ failed to properly consider that his headaches equal listing 11.02B for dyscognitive seizures. ECF No. 10 at 12-13. At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals an impairment contained in the Listings. *See* 20 C.F.R. § 404.1520(d). The Listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525. An impairment "meets" a listing if it meets all of the specified medical criteria. *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990); *Tackett,* 180 F.3d at 1098. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan,* 493 U.S. at 530; *Tackett,* 180 F.3d at 1099. An unlisted impairment or combination of impairments "equals" a listed impairment if medical findings equal in severity to all of the criteria for the one most similar listed impairment are present. *Sullivan,* 493 U.S. at 531; *see* 20 C.F.R. § 404.1526(b).

Migraines and headaches are not listed impairments, but SSR 19-4p provides that Listing 11.02 for epilepsy is the most closely analogous impairment. Social Security Ruling 19-4p, 2019 WL 4169635, at *7 (effective August 26, 2019).

ORDER - 12

Listing 11.02B requires documentation of a detailed description of a typical seizure (or equivalent for migraines), occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 11.02B. This is further explained:

> To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, we consider: A detailed description from an AMS of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).

SSR 19-4p at *id.*

The ALJ found generally that Plaintiff's migraine headaches fail to meet or medically equal Listing 11.00, noting that "[t]he medical record fails to establish evidence of any neurological deficits." Tr. 18. The ALJ noted no evidence of any diagnosis under Listing 11.00, including Listing 11.02 for epilepsy, as well as numerous conditions not at issue in this case. The ALJ did not otherwise specifically discuss Listing 11.02 or the record pertaining to headaches at step three.

Plaintiff argues the ALJ's analysis is inadequate because the ALJ did not analyze whether the Listing was equaled but simply noted Plaintiff does not have a seizure disorder. ECF No. 16 at 16. "[I]n determining whether a claimant equals a

ORDER - 13

1  listing under step three of the Secretary's disability evaluation process, the ALJ must

2  explain adequately his evaluation of alternative tests and the combined effects of the

3  impairments." *Marcia v. Sullivan,* 900 F.2d 172, 176 (9th Cir.1990). Defendant

4  contends the ALJ's consideration of the issue was sufficient, even if the discussion

5  was not detailed. ECF No. 17 at 22-23. While *Marcia* requires ALJs to discuss and

6  evaluate the evidence supporting their conclusions, it does not specify that the ALJ

7  must do so in any particular manner. *See Lewis,* 236 F.3d at 513. Moreover, "[a]n

8  ALJ is not required to discuss the combined effects of a claimant's impairments or

9  compare them to any listing in an equivalency determination, unless the claimant

10 presents evidence in an effort to establish equivalence." *Burch v. Barnhart,* 400 F.3d

11 676, 683 (9th Cir.2005). Defendant argues the ALJ's discussion of the evidence

12 throughout the decision is sufficient and that Plaintiff did not present evidence

13 supporting equivalence. ECF No. 17 at 10-12.

14     However, Plaintiff asserted at the hearing that "we contend that [Plaintiff] is

15 disabled primarily by these headaches that he experienced," and noted they were

16 exacerbated by anxiety and stress. Tr. 61. Plaintiff has described his theory of

17 equivalence. ECF No. 16, 18. The ALJ was aware that Listing 11.00 was at issue

18 since he mentioned it in the decision. Tr. 18. The ALJ briefly addressed the

19 headache evidence elsewhere in the decision, mentioned a few records considered,

20 but made no analysis or interpretation of the frequency of Plaintiff's headaches or

21 any analytical comment about the considerations suggested by Listing 11.02B or

ORDER - 14

SSR 19-4p.  This is not an adequate explanation and the ALJ's step three finding is legally insufficient.  However, it is not clear to the court that the Listing is equaled on this record.  Thus, remand is the appropriate remedy.

C.     **Medical Opinion**

Plaintiff contends the ALJ failed to properly consider the opinion of Kari Hoover, PA-C.  ECF No. 16 at 9-14.  In November 2019, Ms. Hoover completed a "Medical Report" form and indicated diagnoses of chronic upper back pain and chronic tension headaches.  Tr. 298-99.  She described Plaintiff's symptoms as "pain and intermittent numbness in bilateral upper extremities."  Tr. 298.  She indicated that Plaintiff does not need to lie down during the day, but that work on a regular and continuous basis would cause his condition to deteriorate.  Tr. 298-99.  She indicated that he would miss four or more days of work per month because "P[atient] experiences migraine headaches and chronic back pain."  Tr. 299.

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.[2]  Instead, an ALJ must consider and evaluate the persuasiveness of all

---

[2] Plaintiff argues the "specific and legitimate" standard continues to apply despite the new regulations; Defendant argues to the contrary.  ECF No. 16 at 10-12; ECF

ORDER - 15

medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 404.1520c(a) and (b). Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. § 404.1520c(b)(2); *see* 20 C.F.R. § 404.1520c(c)(1)-(5).

The ALJ found Ms. Hoover's opinion to be persuasive as to identification of headaches and back pain as Plaintiff's primary impairments. Tr. 22. However, the ALJ also found the opinion "does not offer a functional assessment of what the

---

No. 17 at 12-15. A recent Ninth Circuit decision settles the matter: "While we agree with the government that the 'specific and legitimate' standard is clearly irreconcilable with the 2017 regulations, the extent of the claimant's relationship with the medical provider - what we will refer to as 'relationship factors' - remains relevant under the new regulations." *Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022). The court goes on to note the regulations provide, "We *may, but are not required to*, explain how we considered the [relationship] factors ... when we articulate how we consider medical opinions . . . in your case record." *Id.* at 791-92 (quoting 20 C.F.R. § 404.1520c(b)(2) (emphasis added)).

ORDER - 16

claimant could possibly do and what accommodations (or restrictions) would allow him to function, thus overall, this opinion is not persuasive in formulating the above residual function capacity." Tr. 22.  An ALJ may reject an opinion that does "not show how [a claimant's] symptoms translate into specific functional deficits which preclude work activity." *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).  Similarly, an ALJ need not provide reasons for rejecting a report when it does not assign any specific limitations or opinions in relation to an ability to work.  *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010).  Here, however, the report indicates Ms. Hoover's opinion that Plaintiff would miss on average four or more days of work per month.  Tr. 99.

Plaintiff argues this is a functional deficit which would compel disability. ECF No. 16 at 9.  Defendant argues Ms. Hoover's report is not a medical opinion under 20 C.F.R. § 404.1513(a)(2) because it does not discuss any of the enumerated impairment-related limitations or restrictions.  ECF No. 17 at 17.  Defendant's argument fails for several reasons.  First, the ALJ called Ms. Hoover's report an opinion.  Tr. 22 ("The opinion is persuasive . . .").  Second, maintaining attendance within customary tolerances is a mental ability required for performance of any job. *See* POMS DI 25020.010, Mental Limitations, *available at* https://secure.ssa.gov/poms.nsf/lnx/0425020010.  Third, the list of abilities in 20 C.F.R. § 404.1513(a)(2) is not exclusive, as each subsection mentions an ability and

ORDER - 17

1  lists examples "such as."  Regular attendance is reasonably construed as part of the
2  "demands of work" under 20 C.F.R. § 404.1513(a)(2).
3      Since Ms. Hoover's report is an opinion, the ALJ's failure to address the
4  supportability and consistency of the opinion is error.  On remand, the ALJ shall
5  explain how those factors were considered in evaluating Ms. Hoover's opinion, as
6  required by the regulations.  20 C.F.R. § 404.1520c(b)(2).
7  **D.    Lay Witness Statements**
8      Plaintiff contends the ALJ failed to properly assess the lay evidence from
9  three sources:  Hope S., Sara B., and Zach S.  ECF No. 16 at 18; Tr. 271-74.  The
10 ALJ found, "[t]hese statement generally reflect the same allegations made by the
11 claimant, allegations that are not entirely consistent with the overall record for the
12 reasons discussed above."  Tr. 20.  Because the ALJ's assessment of Plaintiff's
13 symptom testimony was insufficient and must be reconsidered, the ALJ must also
14 reevaluate the lay witness statements on remand.
15 **E.    Step Five**
16     Finally, Plaintiff challenges the ALJ's conclusions at step five.  ECF No. 16 at
17 17-18.  The court declines to address this issue because the analysis depends on
18 reconsideration of the RFC finding after reevaluation of Plaintiff's symptom claims
19 and the medical opinion evidence on remand.
20
21

ORDER - 18

**REMEDY**

Plaintiff urges the Court to remand for immediate award of benefits. ECF No. 16 at 21. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). It is not clear from the record that the ALJ would be required to find Plaintiff disabled if the evidence was properly evaluated. Further proceedings are necessary for the ALJ to reconsider Listing 11.00, to reevaluate Plaintiff's symptom testimony and the lay witness statements, and to reconsider Ms. Hoover's opinion.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal

ORDER - 19

error. Remand for further proceedings before a different ALJ is the appropriate remedy.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** July 13, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 20